UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNICE PATTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:18-cv-01194-B |
| ARBOR E&T, LLC, d/b/a RESCARE | § | |
| WORKFORCE SERVICES, | § | |
| | § | |
| Defendant. | § | |

APPENDIX IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, LLP

**WILLIAM M. TOLES**
State Bar No. 00798550
wtoles@feesmith.com
**HOWARD J. KLATSKY**
State Bar No. 00786024
hklatsky@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the ___ day of October, 2018, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

***Via E-filing & Facsimile***   *certified mail*
Lantis G. Roberts
The Law Office of Lantis G. Roberts, PLLC
1166 West Pioneer Parkway
Arlington, Texas 76013


_____
**HOWARD J. KLATSKY**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNICE PATTILLO, | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| Plaintiff, | § | _____ |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| ARBOR E&T, LLC, D/B/A RESCARE | § | |
| WORKFORCE SERVICES | § | |
| Defendant. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Shaunice Pattillo, hereinafter called "Plaintiff" or "Pattillo," by and through the undersigned attorney, complaining of and about Arbor E&T, D/B/A ResCare Workforce Services ("ResCare" or "Defendant"), and for cause of action shows unto the Court the following:

### PRELIMINARY STATEMENT

1.     The Plaintiff, Shaunice Pattillo, brings this action against Defendant, for violations of Title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e) as amended by the Pregnancy and Discrimination Act of 1978.

2.      At the time of discrimination and retaliation, Pattillo was employed with

Defendant as a Talent Development Specialist-Youth ("TDS").  Despite Pattillo's many

achievements, Defendant subjected her to discrimination because she was a woman who recently

gave birth and exercised her rights under the Fair Labor Standards Act related to lactation.

Pattillo also engaged in other protected activity. After Pattillo filed a complaint with the U.S.

Department of Labor ("USDOL"), in opposition to the Defendant's failure to comply with

federal law, she was retaliated against by being written up and disciplined by the Defendant. The

Defendant was aware that Pattillo filed a complaint with USDOL. Defendant created a hostile

work environment thereby forcing Pattillo to resign due to the extreme stress they caused her,

thereby constituting a constructive discharge.  This affected Pattillo's ability to produce and

express milk for her child.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that

this is a civil action arising under Title VII.  This Court has supplemental jurisdiction over state

law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same

case or controversy.

## VENUE

4.      Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the

unlawful employment practice was committed in the Northern District of Texas-Dallas Division,

the relevant employment records are maintained in this district, and the aggrieved person would

have worked in this district but for the alleged unlawful employment practice.  Venue in this

Court is also proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a

substantial part of the events or omissions giving rise to the asserted claims occurred.  Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## CONDITIONS PRECEDENT

5.      On January 20, 2015, Pattillo timely filed a charge of discrimination on the basis of sex and retaliation with the U.S. Equal Employment Opportunity Commission.

6.      On February 16, 2018, Pattillo received her Notice of Right to Sue.  This complaint has been filed with 90 days of receipt of that notice.  Pattillio has fully complied with all prerequisites to jurisdiction in the Court under Title VII.

## PARTIES & SERVICE

7.      Shaunice Pattillo is an individual who resides in Fort Worth, Texas. Plaintiff is a citizen of Texas.  Plaintiff may be contacted by her undersigned attorney.  Pattillo is an employee, as defined by Title VII.

8.      **Defendant Arbor E&T, LLC, D/B/A ResCare Workforce Services** is a Limited Liability Company with a principal place of business located at 10140 Linn Station Road, Louisville, KY 40223-3813.  **Defendant Arbor E&T, LLC, D/B/A ResCare Workforce Services may be served by serving CT Corporation System, its Registered Agent authorized to accept service at <u>1999 Bryan Street, Suite 900, Dallas, Texas 75201</u>.**

## FACTS

9.      Pattillo has been employed by the Defendant as a Talent Development Specialist from May 10, 2012 through November 6, 2014.  Pattillo worked out of the Workforce Solutions Center Greater Dallas located at 7330 S. Westmoreland Road, Suite 200, Dallas, Texas 75237.

10.     On or about July 18, 2013, Pattillo was recognized as the June 2013 "Southwest Rockstar" by the Defendant.

11.     On or about September 2013, Pattillo informed the Defendant that she was pregnant.  Prior to this time, Pattillo had positive performance reviews and no disciplinary history.

12.     On or about October 28, 2013, while pregnant, Pattillo stood in the door during a group huddle meeting.  Ms. Eugenia Grissom forcefully grabbed Pattillo wrist and tried to close the door at the same time.  Pattillo had prior bad experiences with Ms. Grissom, but did not report them due to fear of retaliation.  In this recent incident, Pattillo was concerned about the safety of her unborn child and reported the incident to the human resources department ("HR").

13.     Pattillo further informed HR that she felt threatened by Ms. Grissom and was uncomfortable with the work environment due to how she was being treated.  Due to the continued hostility, Pattillo filed a complaint with the Defendant' ethics hotline.   The Defendant failed to take any corrective action.

14.     On or about September 25, 2014, Pattillo was recognized with the "2014 Summer WEX Outstanding Achievement Award."

---

15.     Pattillo returned to work on or about September 8, 2014 from her FMLA leave after giving birth to her daughter. Shortly thereafter her supervisor, Cortney Cunningham ("Cunningham"), began treating Pattillo differently because of sex and status as a breastfeeding mother.

16.     Beginning on or about October 13, 2014, Cunningham required Pattillo to provide her with a schedule as to when she planned to express milk for her child.  Cunningham also required Pattillo to express her milk only during the two break periods (15 minutes each) and the lunch hour (one hour)[1].

17.     Soon after Pattillo's return to work Cunningham required Pattillo to increase her case load.  Although Pattillo's caseload had decreased while she was absent from work due to her pregnancy, Cunningham required Pattillo to exceed the usually monthly growth of other employees who held positions similar to Pattillo.  It is not uncommon for an employee in a position that is similar to Pattillo's to gain only an additional two students per month.  For example, if ten students attended orientation, these students would be split between all of the Talent Development Specialists.

18.     On October 29, 2014, Cunningham presented Pattillo with a corrective action plan based primarily on the unreasonable standards she set forth for Pattillo after her return from FMLA leave.  Specifically, Cunningham required Pattillo to increase her from 38 – 46 cases to 60-80 cases by November 21, 2014.  This was unreasonable when no other employee similarly situated with Pattillo was required to meet such a high standard.

---

[1] See, Exhibit A.

19.     There were several variables that could affect Pattillo's ability to meet the
unreasonable standard set by Cunningham, to include but not limited to the applicant's ability to
provide documentation that they are authorized to work in the United States, copy of driver's
license, social security card.  Many of Pattillo's applicants either failed to or were unable to
provide the required documentation.

20.     During Pattillo's absence on FMLA her caseload faltered because her cases were
placed on the backburner by the Defendant.  No one maintained contact with her applicants
during this period of time.   This affected Pattillo's ability to convert those applicants to students
of the youth program.

21.     Pattillo's dailiy workload was extremely heavy due to orientation on Tuesdays
and Wednesdays from 10:00am until 2:00pm.  Additionally, she had to attend meetings, many of
which were all day meetings.

22.     Pattillo was treated significantly less favorable than another breastfeeding mother,
Shawna Berro ("Berro").  Ms. Berro took breaks to express her milk whenever she desired, but
Cunningham required Pattillo to schedule her times to express milk and had to notify
Cunningham of the time and duration in advance. Pattillo also had to express milk only during
her assigned break periods and lunch hour.

23.     The work environment became extremely hostile towards Pattillo that it led to her
resignation. This is a result of how she was treated by Cunningham and the Defendant.  Any
reasonable person under the circumstances that experienced what Pattillo did, would have
resigned to.

24.    As the result of the Defendant's discriminatory and retaliatory treatment of Pattillo she has experienced and continues to suffer from mental anguish.

## COUNT ONE

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964
(42 U.S.C. §§ 2000e et al.) as Amended by the Pregnancy Discrimination Act of 1978 (AND SEX DISCRIMINATION)**

25.    Pattillo repeats and re-alleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26.    Pattillo had recently given birth and suffered a medical condition of depression, related to her pregnancy and qualified for her position when Defendant constructively discharged her.

27.    In addition, Defendant and Cunningham marginalized Pattillo while treating non-pregnant similarly-situated employees more favorably. Specifically, the employees were not required to meet unreasonable goals or provide a lactation schedule or provide any details of what they did on their break periods and lunch hour.  Berro was not required to provide a lactation schedule as Pattillo was required to do.

28.    Pattillo suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

29.    Defendant intentionally violated Pattillo's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT TWO

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.) as Amended by the Pregnancy Discrimination Act of 1978.**

30.    Pattillo repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31.    Pattillo had recently given birth and suffered a medical condition of depression, related to her pregnancy and qualified for her position when Defendant constructively discharged her.

32.    Plaintiff engaged in protected activity several times by complaining to HR regarding the assault by Ms. Grissom, contacting the Defendant's ethics hotline, and when she filed a complaint with the USDOL.

33.    Only a short while after initiating each of these complaints did Defendant began to take retaliatory action against Pattillo, including creating a hostile work environment, setting unreasonable and unattainable performance goals due to her pregnancy related absence, disciplining Pattillo related to those same goals, and summarily constructively discharged her on November 6, 2014.

34.    Within two hours of Pattillo tendering her resignation due to the hostile work environment, the Defendant escorted her off the premises. She was constructively discharged.

35.    Defendant's alleged reason for disciplining and terminating Pattillo's employment is pretextual and baseless. Defendant fired Pattillo because she complained of a hostile work environment and discrimination.

36.     Pattillo suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

### COUNT THREE
#### Cat's Paw Liability

37.     Pattillo repeats and re-alleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38.     On information and belief, Cunningham was the decision maker with respect to discipline imposed on Pattillo related to the unreasonable and unattainable goals set. Cunningham's conduct led to her decision to further impose a corrective action plan on Pattillo.

39.     Cunningham was the key actor for the Defendant who sent several emails to Pattillo regarding her schedule to express milk[2].

### COUNT FOUR
#### Wrongful Discharge

40.     Pattillo repeats and re-alleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41.     Defendant, ResCare, by and through their employees and agents, individually and in concert with each other, wrongfully discharged and otherwise discriminated against Tucker in violation of Title VII Civil Rights Act of 1964, as amended, which is an exception to the employment at will doctrine in Texas.

---

[2] See, Exhibit A.

## COUNT FIVE

### Constructive Discharge

42.     Pattillo repeats and re-alleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43.     Pattillo's working conditions became so intolerable that a reasonable person in her position would have felt compelled to involuntarily resign.  The terms and conditions of her employment changed tremendously to the point where Pattillo's work environment was made difficult due to the acts of Grissom, Cunningham and others.  This led to Pattillo experiencing unpleasant and less meaningful work than what she was hired for.  Due to the acts of the Defendants and its employees, Pattillo was stressed to the point where it affected her ability to properly lactate for her daughter.

44.     Defendant failed to exercise reasonable care to prevent or correct Grissom and Cunningham's conduct towards Pattillo.

45.     Defendant is strictly liable for the acts of Cunningham and Grissom.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages, plus interest as a result of the violations;

C. Award Plaintiff front pay (including benefits);

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action.  Such fees may be awarded under Title VII, the Back Pay Act--- or if under none of those----the Equal Access to Justice Act.;

E. Award to Plaintiff compensatory damages;

F. Award to Plaintiff punitive damages, if applicable;

G. Equitable relief, such as a declaration that Defendant violated Title VII;

H.  An injunction prohibiting the Defendant from further violating the law against Plaintiff;

I. An order requiring the Defendant to regularly report to the Court on future efforts to reduce the likelihood of others suffering such violations; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff demands a trial by jury on all claims properly triable by a jury.


Dated: <u>10 MAY 2018</u>
Arlington, Texas

Respectfully submitted,

By: _____/s/ Lantis G. Roberts_____

Lantis G. Roberts
Texas Bar No. 24057463
E-Mail:  Lantis@kreativelaw.com
**THE LAW OFFICE OF LANTIS G.
ROBERTS, PLLC**
1166 West Pioneer Parkway
Arlington, TX 76013
Tel. (817) 768-1819
Fax. (817) 704-4529
**Attorney for Shaunice Pattillo**

<u>COURTESY NOTICE TO DEFENDANT</u>

IF YOU HAD INSURANCE AT THE TIME OF THE INCIDENT, PLEASE TURN THIS DOCUMENT
OVER TO YOUR INSURANCE COMPANY.

U. S. DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

In the Matter of:  Arbor E&T LLC, dba ResCare Workforce Services/Mrs. Shaunice Pattillo
1745883, 2015-167-16663

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into by the Secretary of Labor, United States Department of Labor (Secretary), **Arbor E&T LLC, dba ResCare Workforce Services** (Employer), and **Mrs. Shaunice Pattillo** (Complainant).

The Secretary, through Investigator Luckett of the Wage and Hour Division, conducted an investigation of a complaint received from Complainant on or about October 16, 2014, alleging constructive discharge for engaging in activity protected by Section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) (FLSA or Section 15(a)(3)).

This Agreement will terminate the Secretary's investigation, and Employer, without admitting it has violated any provision of the FLSA, has agreed to the following terms:

**Back Pay.**  Employer will pay Complainant $10,264.69 in back wages, less normal payroll deductions, and $10,264.69 in liquidated damages, less federal and state taxes only.  Employer shall mail a check made payable to Complainant to the Wage and Hour Office at 1701 East Lamar, Ste#270, Arlington, Texas 76006 within 10 days after all parties have signed this Agreement. Employer shall provide Complainant with an IRS Form W-2 for the portion representing back wages and an IRS Form 1099 for the portion representing liquidated (and other) damages. Employer shall pay its share of the payroll taxes on the portion representing back wages.

**Employment Reference.**  Should any third parties, including prospective employers, inquire as to Complainant's employment with Employer, Employer will provide a neutral reference, stating only Complainant's dates of employment, job title and last wage rate.  Employer will refrain from any mention of Complainant's protected activity.  Employer will also refrain from characterizing Complainant's separation as a termination, and if asked will only confirm that the Complainant is no longer employed by Employer.  If asked about Complainant's eligibility for rehire, Employer will state that it is not able to provide information about Complainant's eligibility for rehire. Employer agrees that it will not convey to any third party information that could be construed as damaging the name, character, or employment of Complainant.  Employer further agrees that it will advise its human resources and supervisory staff of the requirement to provide a neutral job reference and to comply with the other requirements in this paragraph.

**Waiver.**  Employer agrees to waive all rights and defenses which may be available by virtue of the statute of limitations, including but not limited to Section 6 of the Portal-to-Portal Act, 29 U.S.C. §255.  Employer further waives any right to challenge or contest the validity of this Agreement.

**Compliance with Section 15(a)(3).**  Employer will not discharge or in any other manner discriminate against any employee because the employee engaged in activity protected by the whistleblower provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).  Such activity includes, but is not limited to, an employee's oral or written question or complaint to the Employer about the employee's pay or the employer's pay practices; an employee's oral or written question or

13

complaint to the Wage and Hour Division or another state or federal agency about the employee's pay or the employer's pay practices; an employee's cooperation in any Wage and Hour investigation, including providing a statement to investigators; and an employee's refusal to return back wages due to him pursuant to a Wage and Hour investigation.

**Posting.**  Employer will permanently post in a conspicuous place in or about its premises at all places where posters for employees are customarily posted, including electronically if Employer routinely posts notices to employees electronically, Employee Rights Under the Fair Labor Standards Act, and will post for at least 90 days Fact Sheet #77A:  Prohibiting Retaliation Under the Fair Labor Standards Act, which is attached to this Agreement.

**Training.**  Employer or his representative will provide training on prohibiting retaliation under Section 15(a)(3) of the Fair Labor Standards to all human resources and supervisory staff by October 25, 2015 and will certify by letter to the Wage and Hour Dallas District Office by November 25, 2015 that the training has been completed.  In addition, retaliation training shall be incorporated into new managers' training materials.

**By entering into this Agreement, the Wage and Hour Division does not waive its right to continue ongoing investigations or to conduct future investigations of Employer under the FLSA and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.**

**Closure of Complaint.**  Complainant agrees that acceptance of this Agreement constitutes settlement in full of any and all claims against Employer arising out of Complainant's complaint filed with the Wage and Hour Division on October 16, 2014 and will result in closure of the investigation.

**This Agreement has been obtained and entered into without duress and in the best interest of all parties.**

Arbor E&T LLC
dba ResCare Workforce Services

U.S. Department of Labor
Wage and Hour Division

_____        FOR   _____
**Mr. Brad Williams**                         **Mr. Curtis L. Poer**
**Vice President of Operations**              **District Director**

Dated: ___8/25/15___              Dated: ___8/25/2015___

_____
Shaunice Pattillo

Dated: _8/4/15_

14

**U.S. Department of Labor**
**Wage and Hour Division**
**Receipt for Payment of Back Wages, Liquidated Damages,**
**Employment Benefits, or Other Compensation**



I, _____**Pattillo, Shaunice**_____ , have received payment of wages, liquidated damages, employment
(typed or printed name of employee)

benefits, or other compensation due to me from _____**Arbor E&T, LLC**_____
(name and location of the establishment)

_____**7330 Westmoreland Rd., Ste. 200 Dallas TX 75232**_____

for the period beginning with the workweek ending _____**04/06/2013**_____ through the
workweek ending _____**04/04/2015**_____ . The amount of the payment I received is shown below.
This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour
Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in
the marked box(es):

☑ Fair Labor Standards Act ( FLSA )

Gross Amount Back Wages _____**$10,264.69**_____ Gross Amount Liquidated Damages _____**$10,264.69**_____

Legal Deductions from Back Wages $ **6,138.95** Other Amount Paid _____

Net Amount Received **$14,390.43** _____ (please specify type)

NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor
Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up
the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime
compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court
costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation,
including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless
you have actually received this payment in the amount indicated above.

RETALIATION AND KICKBACKS PROHIBITED: Your employer is prohibited from retaliating against you for accepting
payment of wages you are owed or from requiring you to return or decline payment of the wages owed to you. Your employer is
also prohibited from retaliating against any person who files a complaint with the Wage and Hour Division (WHD) or cooperates
with a WHD investigation. Your employer is also prohibited from interfering with, restraining, or denying the exercise of Family
Medical Leave Act (FMLA) rights. You should contact the WHD immediately if your employer takes any of these actions or fails
to comply with the law in the future. Your identity will be kept confidential to the maximum extent possible under existing law.
You may contact the WHD by calling 1-866-487-9243 or 817-861-2150 .

Signature of employee _Shaunice Pattillo_ Date 9/4/15

Address 105 SE Dallas St. Grand prairie, TX 75051

**I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount
indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as
described above, and covering the period set forth above.**

EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:

I hereby certify that I have on this (Date) _____**9/4/2015**_____ paid the above-named
employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I
have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the
employee to return all or part of this payment to me.

Signature _____ _MIKE HARRIS_ Title _REGIONAL HR DIRECTOR_
(employer or authorized representative)

**PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE**
**STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001**

Date:08/25/2015 12:11:15 PM           Case ID:   1745883                    Form WH-58 (Rev. May 2013)
                                                                                    Page 1

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SHAUNICE PATTILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **3:18-cv-01194-B** |
| **ARBOR E&T, LLC, d/b/a RESCARE** | § | |
| **WORKFORCE SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

TO:   Plaintiff Shaunice Pattillo, by and through her attorney of record Lantis G. Roberts, The Law Offices of Lantis G. Roberts, PLLC, 1166 West Pioneer Parkway, Arlington, Texas 76013.

COMES NOW Arbor E&T, LLC d/b/a Rescare, Defendant in the above-referenced matter, and serves this First Set of Requests for Admission on Plaintiff Shaunice Pattillo. PLEASE TAKE NOTICE that you are required, pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, to serve on the undersigned, within thirty (30) days after the service of this notice, your answers, separately and fully, in writing, to the following Requests for Admission.

## DEFINITIONS & INSTRUCTIONS:

1.     The responding party must serve a written response on the requesting party within thirty (30) days after service of these Requests for Admission.

2.     Unless the responding party states an objection or asserts a privilege, the responding party must specifically admit or deny each request or explain, in detail, the reasons that the responding party cannot admit or deny the request. Each response must fairly meet the substance of each request. The responding party may qualify an answer, or deny a request in part, only when good faith requires. Lack of information or knowledge is not a proper response

unless the responding party states that a reasonable inquiry was made but that the information known or easily obtainable is insufficient to enable the responding parties to admit or deny the requests.  An assertion that the request presents an issue for trial is not a proper response.

      3.    If responses to these requests are not timely served the requests will be considered admitted as a matter of law without the necessity of a Court Order pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.

      4.    The terms "you" and "your" refer to Plaintiff Shaunice Pattillo, as context indicates, and, in addition, any person or entity acting on behalf of, at the direction of, or in conjunction with Plaintiff Shaunice Pattillo.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:** Admit that you filed a complaint with the Wage and Hour Division of the U.S. Department of Labor on or about October 16, 2014 alleging that Arbor E&T, LLC had constructively discharged you for engaging in activity protected by §15(a)(3) of the Fair Labor Standards Act.

**ANSWER:**

**REQUEST NO. 2:** Admit that the protected activity that you had engaged in was, according to the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor, related to lactation.

**ANSWER:**

**REQUEST NO. 3:** Admit that the protected activity that you had engaged in was, according to the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor, the expressing of milk for your newborn child.

**ANSWER:**

**REQUEST NO. 4:**         Admit that the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor against Arbor E&T, LLC was ultimately resolved and settled.

**ANSWER:**

**REQUEST NO. 5:**         Admit that you executed the written Settlement Agreement that is attached to these Requests for Admission at Exhibit "A".

**ANSWER:**

**REQUEST NO. 6:**         Admit that the document that is attached to these Requests for Admission at Exhibit "A" memorializes the settlement that was entered into relating to the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor against Arbor E&T, LLC.

**ANSWER:**

**REQUEST NO. 7:**         Admit that you understood that your signature on the Settlement Agreement that is attached to these admission requests at Exhibit "A" constituted settlement in full of any and all claims that you had against Arbor E&T, LLC arising out of the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor.

**ANSWER:**

**REQUEST NO. 8:**         Admit that you received all of the monies that Arbor E&T, LLC agreed to pay you under the terms of the Settlement Agreement that is attached to these admission requests at Exhibit "A".

**ANSWER:**

**REQUEST NO. 9:**         Admit that your signature appears on the document that is attached to these admission requests at Exhibit "B".

**ANSWER:**

**REQUEST NO. 10:**         Admit that you received all of the monies that are identified on the document that is attached to these admission requests at Exhibit "B".

**ANSWER:**

**REQUEST NO. 11:**          Admit that you received check no. 100514828 that is attached to these admission requests at Exhibit "C".

**ANSWER:**

**REQUEST NO. 12:**          Admit that you received check no. 81006258 that is attached to these admission requests at Exhibit "D".

**ANSWER:**

**REQUEST NO. 13:**          Admit that you have not tendered – or offered to tender – any the monies that are identified in check nos. 100514828 and 81006258 back to Arbor E&T, LLC, at any time.

**ANSWER:**

**REQUEST NO. 14:**          Admit that you executed the Settlement Agreement that is attached to these admission requests at Exhibit "A" before you retained counsel to file this lawsuit.

**ANSWER:**

**REQUEST NO. 15:**          Admit that you signed the document that is attached to these admission requests at Exhibit "B" before you retained counsel to file this lawsuit.

**ANSWER:**

**REQUEST NO. 16:**          Admit that you received the checks that are identified on the documents that are attached to these admission requests at Exhibits "C" and "D" before you retained counsel to file this lawsuit.

**ANSWER:**

**REQUEST NO. 17:**          Admit that you created the document that is attached to these admission requests at Exhibit "E".

**ANSWER:**

**REQUEST NO. 18:**          Admit that you submitted a copy of the document that is attached to these admission requests as Exhibit "E" to Arbor E&T, LLC in November 2014.

**ANSWER:**

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, LLP**

**WILLIAM M. TOLES**
State Bar No. 00798550
wtoles@feesmith.com
**HOWARD J. KLATSKY**
State Bar No. 00786024
hklatsky@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 6 day of August, 2019, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

*Via Email & CMRRE*
Lantis G. Roberts
The Law Office of Lantis G. Roberts, PLLC
1166 West Pioneer Parkway
Arlington, Texas 76013

**HOWARD J. KLATSKY**

# EXHIBIT

# A

U. S. DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

In the Matter of:  **Arbor E&T LLC, dba ResCare Workforce Services/Mrs. Shaunice Pattillo**
1745883, 2015-167-16663

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into by the Secretary of Labor, United States Department of Labor (Secretary), **Arbor E&T LLC, dba ResCare Workforce Services** (Employer), and **Mrs. Shaunice Pattillo** (Complainant).

The Secretary, through Investigator Luckett of the Wage and Hour Division, conducted an investigation of a complaint received from Complainant on or about October 16, 2014, alleging constructive discharge for engaging in activity protected by Section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) (FLSA or Section 15(a)(3)).

This Agreement will terminate the Secretary's investigation, and Employer, without admitting it has violated any provision of the FLSA, has agreed to the following terms:

**Back Pay.**  Employer will pay Complainant $10,264.69 in back wages, less normal payroll deductions, and $10,264.69 in liquidated damages, less federal and state taxes only.  Employer shall mail a check made payable to Complainant to the Wage and Hour Office at 1701 East Lamar, Ste#270, Arlington, Texas 76006 within 10 days after all parties have signed this Agreement. Employer shall provide Complainant with an IRS Form W-2 for the portion representing back wages and an IRS Form 1099 for the portion representing liquidated (and other) damages. Employer shall pay its share of the payroll taxes on the portion representing back wages.

**Employment Reference.**  Should any third parties, including prospective employers, inquire as to Complainant's employment with Employer, Employer will provide a neutral reference, stating only Complainant's dates of employment, job title and last wage rate.  Employer will refrain from any mention of Complainant's protected activity.  Employer will also refrain from characterizing Complainant's separation as a termination, and if asked will only confirm that the Complainant is no longer employed by Employer.  If asked about Complainant's eligibility for rehire, Employer will state that it is not able to provide information about Complainant's eligibility for rehire. Employer agrees that it will not convey to any third party information that could be construed as damaging the name, character, or employment of Complainant.  Employer further agrees that it will advise its human resources and supervisory staff of the requirement to provide a neutral job reference and to comply with the other requirements in this paragraph.

**Waiver.**  Employer agrees to waive all rights and defenses which may be available by virtue of the statute of limitations, including but not limited to Section 6 of the Portal-to-Portal Act, 29 U.S.C. §255.  Employer further waives any right to challenge or contest the validity of this Agreement.

**Compliance with Section 15(a)(3).**  Employer will not discharge or in any other manner discriminate against any employee because the employee engaged in activity protected by the whistleblower provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).  Such activity includes, but is not limited to, an employee's oral or written question or complaint to the Employer about the employee's pay or the employer's pay practices; an employee's oral or written question or

22

complaint to the Wage and Hour Division or another state or federal agency about the employee's pay or the employer's pay practices; an employee's cooperation in any Wage and Hour investigation, including providing a statement to investigators; and an employee's refusal to return back wages due to him pursuant to a Wage and Hour investigation.

**Posting.** Employer will permanently post in a conspicuous place in or about its premises at all places where posters for employees are customarily posted, including electronically if Employer routinely posts notices to employees electronically, Employee Rights Under the Fair Labor Standards Act, and will post for at least 90 days Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act, which is attached to this Agreement.

**Training.** Employer or his representative will provide training on prohibiting retaliation under Section 15(a)(3) of the Fair Labor Standards to all human resources and supervisory staff by October 25, 2015 and will certify by letter to the Wage and Hour Dallas District Office by November 25, 2015 that the training has been completed. In addition, retaliation training shall be incorporated into new managers' training materials.

**By entering into this Agreement, the Wage and Hour Division does not waive its right to continue ongoing investigations or to conduct future investigations of Employer under the FLSA and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.**

**Closure of Complaint.** Complainant agrees that acceptance of this Agreement constitutes settlement in full of any and all claims against Employer arising out of Complainant's complaint filed with the Wage and Hour Division on October 16, 2014 and will result in closure of the investigation.

**This Agreement has been obtained and entered into without duress and in the best interest of all parties.**

Arbor E&T LLC
dba ResCare Workforce Services

U.S. Department of Labor
Wage and Hour Division

Mr. Brad Williams
Vice President of Operations

Dated: 8/25/15

FOR Mr. Curtis L. Poer
District Director

Dated: 8/25/2015

Shaunice Pattillo

Dated: 8/4/15

23

Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Dallas TX District Office<br>Dallas District Office<br>1701 E. Lamar<br>Suite 270<br>Arlington, TX 76006<br>817-861-2150 | | Investigator:<br>Melody Luckett | | | Date:<br>08/25/2015 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 46-0508470 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | 6. LDs Due | Total |
|---|---|---|---|---|---|---|
| 1. Pattillo, Shaunice | 105 East Dallas<br>Grand Prairie, TX 75051 | 04/08/2013<br>to<br>04/04/2015 | FLSA | $10,264.69 | $10,264.69 | $20,529.38 |
| | | | | $10,264.69 | $10,264.69 | $20,529.38 |

| I agree to pay the listed employees the amount due shown above by 09/25/2015<br><br>Signed:<br><br>Date: 8/25/15 | Employer Name and Address:<br>Rescare Workforce Services<br>Arbor E&T, LLC<br>7330 Westmoreland Rd., Ste. 200<br>Dallas TX 75232 | Subtotal: | $10,264.69 | $10,264.69 | $20,529.38 |
|---|---|---|---|---|---|
| | | Total: | $10,264.69 | $10,264.69 | $20,529.38 |

Brad Williams, VP of Operations
Date: 08/25/2015 12:10:46 PM

# EXHIBIT

# B

**U.S. Department of Labor**
**Wage and Hour Division**
**Receipt for Payment of Back Wages, Liquidated Damages,**
**Employment Benefits, or Other Compensation**



I, _____ **Pattillo,    Shaunice** _____ , have received payment of wages, liquidated damages, employment
(typed or printed name of employee)
benefits, or other compensation due to me from _____ **Arbor E&T, LLC** _____
(name and location of the establishment)
**7330 Westmoreland Rd., Ste. 200 Dallas TX 75232**

for the period beginning with the workweek ending _____ **04/06/2013** _____ through the
workweek ending _____ **04/04/2015** _____ . The amount of the payment I received is shown below.

This payment of wages and other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour
Division (WHD) and is based on the findings of a WHD investigation. This payment is required by the Act(s) indicated below in
the marked box(es):

☑ Fair Labor Standards Act ( FLSA )

Gross Amount Back Wages _____ **$10,264.69** Gross Amount Liquidated Damages _____ **$10,264.69**

Legal Deductions from Back Wages **$ 6,138.95** Other Amount Paid _____

Net Amount Received **$14,390.43** _____ (please specify type)

NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor
Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up
the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime
compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court
costs under Section 16(b) of the FLSA or Section 107 of the FMLA. Generally, a suit for unpaid wages or other compensation,
including liquidated damages, must be filed within two years of a violation of the FLSA or FMLA. Do not sign this receipt unless
you have actually received this payment in the amount indicated above.

RETALIATION AND KICKBACKS PROHIBITED: Your employer is prohibited from retaliating against you for accepting
payment of wages you are owed or from requiring you to return or decline payment of the wages owed to you. Your employer is
also prohibited from retaliating against any person who files a complaint with the Wage and Hour Division (WHD) or cooperates
with a WHD investigation. Your employer is also prohibited from interfering with, restraining, or denying the exercise of Family
Medical Leave Act (FMLA) rights. You should contact the WHD immediately if your employer takes any of these actions or fails
to comply with the law in the future. Your identity will be kept confidential to the maximum extent possible under existing law.
You may contact the WHD by calling 1-866-487-9243 or 817-861-2150 .

Signature of employee _Shaunice Pattillo_ Date _9/4/15_
Address _105 SE Dallas St. Grand Prairie, TX 75051_

I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount
indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as
described above, and covering the period set forth above.

EMPLOYER'S CERTIFICATION TO WAGE AND HOUR DIVISION OF THE DEPARTMENT OF LABOR:
I hereby certify that I have on this (Date) _9/4/2015_ paid the above-named
employee in full covering lost or denied wages, liquidated damages, or other compensation as stated above. I further certify that I
have not and will not retaliate against the above-named employee for accepting this payment and I have not and will not ask the
employee to return all or part of this payment to me.

Signature _____ MIKE HARRIS Title REGIONAL HR DIRECTOR
(employer or authorized representative)

PENALTIES INCLUDING FINES OR IMPRISONMENT ARE PRESCRIBED FOR A FALSE
STATEMENT OR MISREPRESENTATION UNDER U.S. CODE, TITLE 18, SEC. 1001

Date:08/25/2015 12:11:15 PM          Case ID:   1745883          Form WH-58 (Rev. May 2013)
Page 1

# EXHIBIT

## C

| DATE | VENDOR | | NO. 100514828 |
|------|--------|---|---|
| 31-AUG-15 | SHAUNICE PATTILLO 232709 | | |

| INVOICE NO. | INVOICE DATE | DESCRIPTION | DISCOUNT | NET INVOICE |
|-------------|--------------|-------------|----------|-------------|
| 35075/082815 | 28-AUG-15 | SETTLEMENT | 0.00 | 7,587.84 |

**NOTICE TO ALL RESCARE CONTRACTORS AND AGENTS**
Pursuant to Section 6032 of the Federal Deficit Reduction Act Of 2005 (DRA), all contractors and agents of ResCare must comply with and abide by ResCare's policies for preventing fraud, waste and abuse. For detailed information on these requirements, contractors and agents should access the following link: http://www.rescare.com/legal.php or call 1.800.866.0860, ext. 2237.
For all other accounts payable inquiries, please contact your local/regional ResCare Office. If you do not have contact information for the local/regional office, please call the ResCare Corporate Office at 800.866.0860 ext. 2111 Opt#4.

**RESCARE INC.**

PLEASE DETACH AND RETAIN THIS STATEMENT AS YOUR RECORD OF PAYMENT.

| | 0.00 | 7,587.84 |
|---|---|---|

THIS DOCUMENT CONTAINS SECURITY FEATURES - THE FACE HAS A COLORED BACKGROUND ON WHITE PAPER

JP MORGAN CHASE BANK, N.A.
COLUMBUS, OH

NO. 100514828

56-1544/441

**RESCARE INC.**
9901 LINN STATION ROAD
LOUISVILLE, KY 40223

| DATE | AMOUNT |
|------|--------|
| 31-AUG-15 | $*******7,587.84 |

PAY    Seven Thousand Five Hundred Eighty-Seven Dollars And 84 Cents*****

VOID AFTER 180 DAYS

TO THE
ORDER OF    SHAUNICE PATTILLO
106 SE DALLAS ST
GRAND PRAIRIE, TX 75051

THIS DOCUMENT CONTAINS A TRUE WATER MARK - HOLD TO LIGHT TO VERIFY

⑈'◌100514828'⑈ ⑆044115443⑆ 8852554221⑈

28

# EXHIBIT

# D

| CO. | FILE | DEPT. | CLOCK | CHR. NO. |
|-----|------|-------|-------|----------|
| ZLV | 124570 | 115842 | | 0081006258 |

# Earnings Statement

Pay Date:          08/28/2015

RESCARE, INC.
9901 LINN STATION RD
LOUISVILLE, KY  40223

Paygroup: ZLV
File Number:   124570
Taxable Marital Status:        Single
Exemptions/Allowances:
   Federal:   01

SHAUNICE R PATTILLO
105 SE DALLAS ST
GRAND PRAIRIE, TX  75051

| Earnings | rate | hours | this period | | Important Notes |
|----------|------|-------|-------------|---|-----------------|
| MISCELLANEOUS | | | 10,264.69 | | |
| | Gross Pay | $ | 10,264.69 | | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Withholding Tax | 2,676.85- | |
| | Social Security Tax | 636.41- | |
| | Medicare Tax | 148.84- | |
| | **Other** | | |
| | Net Pay | $ | 6,802.59 |

---

THE BACK OF THIS CHECK CONTAINS A SECURITY MARK    DO NOT ACCEPT WITHOUT HOLDING AT AN ANGLE TO VERIFY SECURITY MARK

RESCARE, INC.
9901 LINN STATION RD
LOUISVILLE, KY  40223

Bank of America
ATLANTA, GA

64-1278/611

08/28/2015        81006258

Pay:
Pay to the
order of

Six Thousand Eight Hundred Two and 59/100 Dollars                    $6,802.59

SHAUNICE R PATTILLO

AUTHORIZED SIGNATURE
VOID AFTER 180 DAYS

⑈81006258⑈ ⑆061112788⑆ 3359328799⑈

30

# EXHIBIT

# E

11/6/2014

Dear Cortney Cunningham,

I am writing to formally notify you that I am resigning from my position as Talent Development Specialist with the youth program at ResCare Company.

Please accept this letter as formal notification.

My last day of employment will be November 20th, 2014 as my two weeks' notice. I appreciate the opportunity I have been given at ResCare and I wish the company success in the future.

Sincerely,

Shaunice Pattillo

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | | |
|---|---|---|
| SHAUNICE PATTILLO | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:18-cv-01194-B |
| ARBOR E&T, LLC, d/b/a RESCARE | § | |
| WORKFORCE SERVICES | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff SHAUNICE PATTILLO,

by and through her attorney, LANTIS G. ROBERTS, responds to Defendant ARBOR E&T, LLC, d/b/a

RESCARE's FIRST Set of Requests for Admissions as follows:

### SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**   Admit that you filed a complaint with the Wages and Hour Division of the U.S.
Department of Labor on or about October 16, 2014 alleging that Arbor E&T, LLC had constructively
discharged you for engaging in activity protected by §15(a)(3) of the Fair Labor Standards Act.

**OBJECTION:**  Plaintiff objects to the extent that the request is compound and ambiguous.  Plaintiff
provides a response based on her understanding of the request.

**RESPONSE:**  Plaintiff's admits that a complaint was filed with the U. S. Department of Labor – Wage
& Hour Division (DOL-WHD) for violation(s) that occurred under the Fair Labor Standards Act.  Plaintiff
denies to the extent that she was constructively discharged on November 6, 2014.

**REQUEST NO. 2:**   Admit that the protected activity that you had engaged in was, according to the
complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor, related to
lactation.

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO. 3:**   Admit that the protected activity that you had engaged in was, according to the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor, the expressing of milk from your newborn child.

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO.4:**   Admit that the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor against Arbor E&T, LLC was ultimately resolved and settled.

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO. 5:**   Admit that you executed the written Settlement Agreement that is attached to these Request for Admission at Exhibit "A".

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO. 6:**   Admit that the document that is attached to these Requests for Admission at Exhibit "A" memorializes the settlement that was entered into relating to the complaint that you file with the Wage and Hour Division of the U.S. Department of Labor against Arbor E&T, LLC.

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO. 7:**   Admit that you understood that your signature on the Settlement Agreement that is attached to these admission requests at Exhibit "A" constituted settlement in full of any and all claims that

Plaintiff's Responses and Objections to Defendant's
First Set of Requests for Admissions

you had against Arbor E&T, LLC arising out of the complaint that you filed with the Wage and Hour Division of the U.S. Department of Labor.

**OBJECTION:** Plaintiff objects to the words "settlement in full of any and all claims you had against Arbor E&T, LLC," to the extent that Plaintiff only settled the claim that was asserted under the FLSA, but not other claims.  Plaintiff further objects to this request to the extent that the U.S. Department of Labor – WHD does not have jurisdiction nor the authority to settle any claims related to Title VII or any other claims that Plaintiff has asserted in the instant litigation.

**RESPONSE:** Plaintiff admits that she settled the FLSA claim with the Defendant through USDOL-WHD, but no other claims that arose under her employment with the Defendant.

**REQUEST NO. 8:**   Admit that you received all of the monies that Arbor E&T, LLC agreed to pay you under the terms of the Settlement Agreement that is attached to these admission requests at Exhibit "A".

**OBJECTION:** NONE.

**RESPONSE:** Admit.

**REQUEST NO. 9:**   Admit that your signature appears on the document that is attached to these admission requests at Exhibit "B".

**OBJECTION:** NONE.

**RESPONSE:** Admit.

**REQUEST NO. 10:**   Admit that you received all of the monies that are identified on the document that is attached to these admission requests at Exhibit "B".

**OBJECTION:** NONE.

**RESPONSE:** Admit.

**REQUEST NO. 11:**   Admit that you received check no. 100514828 that is attached to these admission requests at Exhibit "C".

**OBJECTION:** NONE.

**RESPONSE:**  Admit.

**REQUEST NO. 12:**  Admit that you received check no. 81006258 that is attached to these admission requests at Exhibit "D".

**OBJECTION:**  NONE.

**RESPONSE:**  Admit.

**REQUEST NO. 13:**  Admit that you have not tendered – or offered to tender – any the monies that are identified in check nos. 100514828 and 81006258 back to Arbor E&T, LLC, at any time.

**OBJECTION:**  NONE.

**RESPONSE:**  Admit.

**REQUEST NO. 14:**  Admit that you executed the Settlement Agreement that is attached to these admission request at Exhibit "B" before you retained counsel to file this lawsuit.

**OBJECTION:**  NONE.

**RESPONSE:**  Deny.

**REQUEST NO. 15:**  Admit that you signed the document that is attached to these admission requests at Exhibit "B" before you retained counsel to file this lawsuit.

**OBJECTION:**  NONE.

**RESPONSE:**  Deny.

**REQUEST NO. 16:**  Admit that you received the checks that are identified on the documents that are attached to these admission requests at Exhibits "C" and "D" before you retained counsel to file this lawsuit.

**OBJECTION:**  NONE.

Plaintiff's Responses and Objections to Defendant's
First Set of Requests for Admissions

**RESPONSE:** Deny.


**REQUEST NO. 17:**   Admit that you created the document that is attached to these admission requests at Exhibit "E".

**OBJECTION:** NONE.


**RESPONSE:** Admit.


**REQUEST NO. 18:**   Admit that you submitted a copy of the document that is attached to these admission requests as Exhibit "E" to Arbor E&T, LLC in November 2014.

**OBJECTION:** Plaintiff objects to this request to the extent that the context of the document in Exhibit E is not clear on its face.


**RESPONSE:** Plaintiff admits that she submitted the document in Exhibit E because she was subjected to discrimination and violations of the law by the Defendant that constituted a constructive discharge.


September 4, 2018

Respectfully submitted,

Lantis G. Roberts
State Bar No. 24057463
E-Mail: Lantis@kreativelaw.com
LAW OFFICE OF LANTIS G. ROBERTS,
PLLC 1166 West Pioneer Parkway Arlington,
Texas 76013
Tel. (817) 768-1819
Fax (817) 704-4529

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I caused a true and correct copy of PLAINTIFF

SHAUNICE PATTILLO'S RESPONSES AND OBJECTIONS to DEFENDANT ARBOR E&T, LLC,

d/b/a RESCARE'S FIRST Set of Requests for Admissions to be served via email on HOWARD J.

KLATSKY, hklatsky@feesmith.com, Three Galleria Tower 13155 Noel Road, Suite 1000 Dallas, Texas

75240.

_____
Lantis G. Roberts

Plaintiff's Responses and Objections to Defendant's
First Set of Requests for Admissions